UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| **EL AZTECA RESTAURANTS, INC.**, **EL AZTECA OF APPLETON, INC.**, **EL AZTECA OF NEENAH, INC.**, **EL AZTECA OF KIMBERLY, INC.**, **EL MAYA MEXICAN RESTAURANT, INC.** f/k/a **EL AZTECA RESTAURANT OF DE PERE, INC.**, Wisconsin corporations, and **MARCO MONTALVO**, **FE MONTALVO**, and **SERGIO JIMENEZ**, individuals, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil action no.: |
| Defendants. | ) |

## COMPLAINT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants **EL AZTECA RESTAURANTS, INC.**, **EL AZTECA OF APPLETON, INC.**, **EL AZTECA OF NEENAH, INC.**, **EL AZTECA OF KIMBERLY, INC.**, **EL MAYA MEXICAN RESTAURANT, INC. f/k/a EL AZTECA RESTAURANT OF DE PERE, INC.**, Wisconsin corporations (collectively "Corporate Defendants"), and **MARCO MONTALVO**, **FE MONTALVO**, and **SERGIO JIMENEZ**, individuals, (collectively "Individual Defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter, "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and

overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

(A) **EL AZTECA OF APPLETON, INC.** (hereinafter "Appleton"), is and, at all times hereinafter mentioned, was a Wisconsin corporation with an office located at 201 West Northland Avenue, Appleton, Wisconsin 54911 in Outagamie County, within the jurisdiction of this Court. Appleton is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(B) **EL AZTECA OF NEENAH, INC.** (hereinafter "Neenah"), is and, at all times hereinafter mentioned, was a Wisconsin corporation with an office located at 878 Fox Point Plaza, Neenah, Wisconsin 54956, in Winnebago County, within the jurisdiction of this Court. Neenah is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(C) **EL AZTECA OF KIMBERLY, INC.** (hereinafter "Kimberly"), is and, at all times hereinafter mentioned, was a Wisconsin corporation with an office located at N474 Eisenhower Drive, Appleton, Wisconsin 54915, in Outagamie County, within the jurisdiction of this Court. Kimberly is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(D) **EL MAYA MEXICAN RESTAURANT, INC. f/k/a EL AZTECA RESTAURANT OF DE PERE, INC.** (hereinafter "De Pere"), is and, at all times

hereinafter mentioned, was a Wisconsin corporation with an office located at 1620 Lawrence Drive, De Pere, Wisconsin 54115, in Brown County, within the jurisdiction of this Court. De Pere is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(E) **EL AZTECA RESTAURANTS, INC.** (hereinafter "El Azteca"), is and, at all times hereinafter, was an umbrella corporation of the above four Corporate Defendants. El Azteca had an office and a place of business is located at N474 Eisenhower Drive, Appleton, Wisconsin 54915, in Outagamie County, within the jurisdiction of this Court. El Azteca is, and at all times hereinafter, was engaged in operating restaurants and in the performance of related types of activities.

(F) **MARCO MONTALVO** is and, all times hereinafter, was an owner of the Corporate Defendants. At all times hereinafter mentioned, **MARCO MONTALVO** is and was engaged in business within Outagamie, Winnebago and Brown Counties, acting directly or indirectly in the interest of the Corporate Defendants in relation to their employees. **MARCO MONTALVO,** an employer within the meaning of 29 U.S.C. § 203(d), exercises operational control over the businesses, supervises employees, determines pay practices, and has the authority to hire and fire employees of the Corporate Defendants.

(G) **FE MONTALVO** is and, all times hereinafter, was an owner of the Corporate Defendants. At all times hereinafter mentioned, **FE MONTALVO** is and was engaged in business within Outagamie, Winnebago, and Brown Counties, acting directly or indirectly in the interest of the Corporate Defendants in relation to their employees. **FE MONTALVO,** an employer within the meaning of 29 U.S.C. § 203(d), exercises operational control over the

businesses, supervises employees, determines pay practices, and has the authority to hire and fire employees of the Corporate Defendants.

(H) **SERGIO JIMENEZ** is and, all times hereinafter, was an owner and officer of De Pere and served as a general manager for Corporate Defendants. At all times hereinafter mentioned, **SERGIO JIMENEZ** is and was engaged in business within Outagamie, Winnebago, and Brown Counties, acting directly or indirectly in the interest of the Corporate Defendants in relation to their employees. **SERGIO JIMENEZ,** an employer within the meaning of 29 U.S.C. § 203(d), exercises operational control over the business, supervises employees, determines pay practices, and has the authority to hire and fire employees of the Corporate Defendants.

### III

(A) Each Corporate Defendant is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

(B) Collectively, the Corporate Defendants at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, constituted a single enterprise within the meaning of section 3(r) of the Act. Specifically, Individual Defendants controlled Corporate Defendants by making unified strategic, operational, and policy decisions for Corporate Defendants, Corporate Defendants have unified operations (accounting and payroll), and Corporate Defendants share the common business purpose of operating and managing restaurants.

## IV

Corporate Defendants are and, at all times hereinafter mentioned, constituted a single enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise, at all times hereinafter mentioned, had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## V

The Corporate Defendants and Individual Defendants repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act by paying employees wages at a rate of less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked, in that they paid kitchen staff a flat salary, regardless of hours worked, and servers a sub-minimum wage for hours worked.

## VI

The Corporate Defendants and Individual Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week

5

during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. The kitchen staff was paid a straight salary for all hours worked and servers were paid at rates less than one and one-half times their regular rates for hours worked in excess of 40 in a workweek. As a result of the defendants' failure to properly administer a tip credit pursuant to section 3(m) of the Act and 29 C.F.R. Part 531, the defendants cannot credit a portion of the amount of tips received by the servers, if any, against the minimum wage requirements.

## VII

The Corporate Defendants and Individual Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of kitchen staff and server employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the regular rates at which they were employed.

## VIII

During the period since January 29, 2012, the Corporate Defendants and Individual Defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the

court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

**A.** For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

**B.** For an Order:

1. pursuant to section 16(c) of the Act, finding defendants liable for unpaid minimum wage and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2. pursuant to section 17 of the Act, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wage and overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

**C.** For an Order awarding plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

 

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor


/s Barbara A. Goldberg
**BARBARA A. GOLDBERG**
Senior Trial Attorney


/s Mark H. Ishu
**MARK HENRY ISHU**
Trial Attorney

Attorneys for **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, Plaintiff

P.O. ADDRESS:
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone no.: 312/353-6972
E-mail: goldberg.barbara@dol.gov
       ishu.mark.h@dol.gov