# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

| | | |
|---|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **EL AZTECA RESTAURANTS, INC.,** **EL AZTECA OF APPLETON, INC.,** **EL AZTECA OF NEENAH, INC.,** **EL AZTECA OF KIMBERLY, INC.,** **EL MAYA MEXICAN RESTAURANT, INC.** **f/k/a EL AZTECA RESTAURANT OF** **DE PERE, INC.,** Wisconsin corporations, and **MARCO MONTALVO, FE** **MONTALVO**, and **SERGIO JIMENEZ,** individuals, | ) ) ) ) ) ) ) ) ) ) ) ) | Civil action no.: 15-cv-221  Judge William C. Griesbach, Chief Judge  Magistrate Judge Nancy Joseph |
| Defendants. | ) | |

## CONSENT JUDGMENT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, having filed his complaint against **EL AZTECA RESTAURANTS, INC., EL AZTECA OF APPLETON, INC., EL AZTECA OF NEENAH, INC., EL AZTECA OF KIMBERLY, INC., EL MAYA MEXICAN RESTAURANT, INC. f/k/a EL AZTECA RESTAURANT OF DE PERE, INC**., **MARCO MONTALVO, FE MONTALVO**, AND **SERGIO JIMENEZ**, (collectively "Defendants"), having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this Consent Judgment without contest under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereinafter the "Act" or "FLSA").

1

Defendants hereby admit and the Court finds that Corporate Defendants **EL AZTECA RESTAURANTS, INC.**, **EL AZTECA OF APPLETON, INC.**, **EL AZTECA OF NEENAH, INC.**, **EL AZTECA OF KIMBERLY, INC.**, and **EL MAYA MEXICAN RESTAURANT, INC. f/k/a EL AZTECA RESTAURANT OF DE PERE, INC**., are and at all times hereinafter mentioned, were an enterprise or comprised an enterprise engaged in commerce within the meaning of sections 3(r) and 3(s)(1)(A) of the Act. 29 U.S.C. §§ 203(r), 203(s)(1)(A).

Defendants hereby admit and the Court finds that Defendants **MARCO MONTALVO**, **FE MONTALVO**, and **SERGIO JIMENEZ** are individual "employers" under section 3(d) of the Act.

**NOW**, therefore, upon motion for the attorneys for Plaintiff and Defendants, and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to sections 16(c) and 17 of the Act as follows.

**IT IS HEREBY ORDERED AND ADJUDGED,** pursuant to section 17 of the Act, that the Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners.

**I**

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or

2

at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

## II

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed. The "regular rate" includes all sums paid for all hours worked and such sums divided by all hours worked.

## III

Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516. This includes, but is not limited to, maintaining records of all hours worked by each employee in each workday and each workweek, and records of compensation paid to each employee in each workweek, whether payment is made by a payroll check, personal check, cash or a combination thereof. The records maintained by Defendants shall also include, but not be limited to, the full name and last-known mailing address of all employees, the daily work start and stop times of each employee, and the specific method of payment made to each employee.

3

**IV**

A.      Defendants shall use a computer system and/or time clock that records hours worked and require all employees to clock-in and clock-out.  In addition, Defendants shall keep all records required by section 11(c) of the Act and found in 29 CFR Part 516 for at least three years.

B.      Defendants shall comply with all of the requirements of section 3(m) of the Act and 29 C.F.R. § 531.59, if they intend to take a tip credit.  Defendants shall require that an accurate record of tips received is reported by those individuals who meet the definition of a tipped employee per section 203(t) of the Act and that those records are maintained by the employer for at least three years.  Defendants' shall notify its employees of the application of a tip credit and shall keep all tips received by them.  Should eligible employees participate in a valid tip pool, Defendants understand that tips may only be pooled amongst employees who customarily and regularly receive tips.  The Defendants further understand that these tips may not be retained by the Defendants for any other purpose.  The Defendants understand that the failure to accurately record the amount of tips reported by each employee and or failure to adhere to the tip pooling provisions will nullify any entitlement and claim to any tip credit available under Section 203(m) of the Act.

C.      Defendants shall provide each employee on each pay date with a pay stub.  Each pay stub will maintain and identify the specific dates of the pay period, total hours worked and paid, rate of pay, overtime hours paid, overtime rate of pay, gross amounts paid and all deductions taken by Defendants.  All pay and deductions must be shown whether they were made in the form of cash or check.

4

D.　Defendants shall conduct quarterly reviews of the time and payroll records at all locations owned, operated or managed in whole in part by the Defendants, for a two-year period beginning from the date of the execution of this Consent Judgment.  If the audit discloses that an employee was not properly paid for all hours worked, including all overtime hours worked, the Defendants agree to take immediate steps to correct the deficiency, including but not limited to the payment of back wages and implementation of steps to prevent similar violations in the future.

E.　Defendants agree and represent their intention to ensure every manager at each location Defendants' own, operate, or manage, in whole or in part, will be provided with periodic training to comply with the Act, including but not limited to:

(1)　How to assure payment of minimum wage under Section 206 of the Act and the applicable regulations, including prohibiting any costs or deductions except those required by law or permitted under Section 213(m) of the Act;

(2)　How to comply with the overtime requirements under Section 207 of the Act and 29 CFR Part 778;

(3)　How to determine hours worked under the Fair Labor Standards Act as outlined in 29 CFR Part 785.

(4)　How to comply with the record keeping provisions under Section 211 of the Act and 29 CFR Part 516, with specific focus on Parts 516.1 through 516.9 and 516.28 (tipped employees); and

F.　Defendants shall provide its current employees and every new employee with the following information in both English and Spanish:

5

(1) A copy of the U.S. Department of Labor, Wage & Hour Division Publication WH-1282, "Handy Reference Guide to the Fair Labor Standards Act" and found at http://www.dol.gov/whd/, which sets forth an employee's rights and responsibilities under the Act;

(2) A copy of the Work Hours Recordkeeper book (WH-1497), published by the U.S. Department of Labor and found at http://www.dol.gov/whd/, which can be used by employees to record their hours worked;

(3) Fact Sheet #2: Restaurants and Fast Food Establishments Under the Fair Labor Standards Act (FLSA):

> a. http://www.dol.gov/whd/regs/compliance/whdfs2.htm (English Version)

> b. http://www.dol.gov/whd/regs/compliance/whdfs2spanish.pdf (Spanish Version);

(4) Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA), http://www.dol.gov/whd/regs/compliance/whdfs15.htm

(5) The telephone number for the Wage and Hour Division, (414) 297-1590 (Milwaukee), (612) 370-3341(Minneapolis) or 1-866-4USWAGE (1-866-487-9243); and

## V

Defendants shall comply with section 13(a)(1) of the Act and 29 C.F.R. Part 541. Defendants shall ensure that all employees whose primary duty is cooking, including kitchen managers, shall be classified as non-exempt employees pursuant to 29 C.F.R. § 541.100, and shall be paid overtime for hours worked over 40 hours.

## VI

Defendants shall comply with 29 C.F.R. § 785. Defendants shall ensure that all employees who receive a "meal" break as defined by 29 C.F.R. § 785.19, shall not be deemed "relieved" if the employee is required to perform any duties for the Defendants.

**VII**

A.     **FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the Plaintiff and against the Defendants, in the total amount of **$700,000.00.**

   i.     Defendants shall pay to the Plaintiff the sum of **$350,000.00** which represents the unpaid minimum wage and overtime compensation due for the period January 29, 2012 through January 28, 2014, to the present and former employees named in **Exhibit A**, attached hereto and made a part hereof, in the amounts set forth therein.

   ii.     Defendants shall further pay to Plaintiff, as liquidated damages, the additional sum of **$350,000.00** hereby found to be due for the period January 29, 2012 through January 28, 2014, to the present and former employees named in **Exhibit A**, in the amounts set forth therein.

B.     **FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(e)(2) of the Act, in favor of the Plaintiff and against the Defendants in the total amount of $25,000.00, which represents civil money penalties.

**VIII**

   The monetary provisions of this Consent Judgment shall be deemed satisfied upon Defendants' delivery to the Plaintiff's representative of the following:

   (1)     Defendants shall pay the amounts identified in paragraphs VII.A. and B. herein to the Plaintiff in one initial payment by May 3, 2016; a second payment by July 7, 2016; and 36 additional installment payments in accordance with the installment schedule set forth in Exhibit B.  The initial payment of $100,000.00 has been delivered to Plaintiff's counsel by Defendants submitting an attorney's client trust account check payable to "United States Department of

7

Labor - Wage and Hour Division."  Defendants shall also deliver to Plaintiff's counsel, at the time this Consent Judgment is filed with the Court, a schedule listing the name, last-known address, social security number or tax identification number, back wages, and liquidated damages of each employee listed on Exhibit A.  A second payment of $150,000.00 shall be delivered to Plaintiff's counsel by July 7, 2016, by Defendants submitting an attorney's client trust account check, a certified check, or a cashier's check payable to "United States Department of Labor - Wage and Hour Division."  Defendants shall pay the remaining balance due of principal and interest to the plaintiff in the gross amounts listed according to the installment schedule set forth in Exhibit B.

(2)     Defendants shall pay the amounts identified in paragraph VII.C. herein to the Plaintiff in two installment payments in accordance with the installment schedule set forth in Exhibit B.

(3)     On or before each installment date set forth in Exhibit B, Defendants shall deliver to the United States Department of Labor, an attorney's client trust account check, a certified check, or a cashier's check made payable in the gross amount of each installment payment identified herein, to "United States Department of Labor – Wage and Hour Division." Installment Numbers 37 and 38 shall include a notation of "Civil Money Penalties" written on the front memo section of the check.  Defendants' payment of each of the 38 installments shall be sent to the following address:  United States Department of Labor, Midwest Regional Office, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638.

(4)     The payments shall be made on or before the dates set forth in Exhibit A, until the full amount with interest has been paid in full.  If Defendants wish to pay off the remaining balance during the payment plan, they may contact Plaintiff and receive a pay-off amount that

8

will only have interest accrued through the date of the final payment.  If Defendants wish to increase the amount of their second payment that is due by July 7, 2016, they must contact Plaintiff by June 27, 2016 with the total amount of the second payment.  Upon receipt of such notice, Plaintiff will re-calculate the interest due on the remaining payments and provide Defendants with a revised payment schedule.

(5)     The Plaintiff shall distribute the proceeds of each installment payment  (less legal deductions for each employee's share of social security and Federal withholding taxes for back wages) to the persons identified in **Exhibit A**, or to their estates, if that be necessary; and any amounts referenced above of unpaid  compensation and liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.  Defendants remain responsible for their employer share of applicable taxes.  The lump sum payment and initial installment payments identified in paragraph VIII of this Agreement shall be first allocated toward the liquidated damages due to the persons identified in Exhibit A.  Once the liquidated damages due to all the persons identified in Exhibit A are fully satisfied, the remaining installment payments shall be allocated to the unpaid compensation due to the persons identified in Exhibit A.

**IX**

**A.**     In the event Defendants Marco Montalvo, Fe Montalvo, or Sergio Jimenez receive any dividend distributions from **EL AZTECA RESTAURANTS, INC.**, **EL AZTECA OF APPLETON, INC.**, **EL AZTECA OF NEENAH, INC.**, **EL AZTECA OF KIMBERLY, INC.**, or **EL MAYA MEXICAN RESTAURANT, INC. f/k/a EL AZTECA RESTAURANT OF DE PERE, INC.** after the date on which this Consent Judgment is executed but before

9

payment in full is made to Wage and Hour as required pursuant to paragraphs VII, VIII and X of this Consent Judgment, Defendants Marco Montalvo, Fe Montalvo, and Sergio Jimenez shall cause such distributions, less federal and state taxes paid, to be immediately sent to the Wage and Hour Division at the address set forth in paragraph VIII above instructing Wage and Hour to apply this amount to any outstanding balance owed to Plaintiff under this Consent Judgment.

B.      In the event Defendants sell any interest; transfer any interest; liquidate any interest of; or otherwise discontinue the operations of **EL AZTECA RESTAURANTS, INC.**, **EL AZTECA OF APPLETON, INC.**, **EL AZTECA OF NEENAH, INC.**, **EL AZTECA OF KIMBERLY, INC.**, **EL MAYA MEXICAN RESTAURANT, INC. f/k/a EL AZTECA RESTAURANT OF DE PERE, INC.**, any proceeds from the sale, transfer, or liquidation of the businesses as named or any of their assets, such proceeds are to be immediately applied to any outstanding balance owed to the Plaintiff under this Consent Judgment.  Any and all such sums shall be tendered to the Wage and Hour Division at the address set forth in Paragraph VIII within 30 days of sale, transfer or liquidation.  Defendants shall provide written notice of any sale, transfer, liquidation, or discontinuation of any of the business referenced herein within 30 days prior to such action being taken.  Written notice should be provided to the Wage and Hour Division at the address set forth in paragraph VIII above.

C.      Furthermore, in the event Defendants Marco Montalvo and Fe Montalvo sell their principal place of residence located at 1808 Vandenberg Lane, Kaukauna, Wisconsin, 54130 and, in the future, purchase another residential property ("New Residence"), Defendants shall take the following actions to record a judgment lien on the properties and fixtures located thereon:

i. Within fifteen (15) business days before Defendants Marco or Fe Montalvo close on the New Residence, Defendants Marco or Fe Montalvo shall provide written notice of the location of the New Residence and the closing date to the to the Wage and Hour Division at the address set forth in Paragraph VIII. A copy of the notice shall also be provided to the U.S. Department of Labor, Office of the Solicitor, which is located at 230 S. Dearborn St., Rm 844, Chicago, IL 60604.

ii. Within twenty (20) business days after Defendants Marco or Fe Montalvo close on the New Residence, the Secretary will file an Abstract of Judgment Notice for Case No. 15-C-221 with the Clerk's Office of the U.S. District Court for the Eastern District of Wisconsin ("Clerk's Office"). The Secretary will, as soon as practical, provide the Defendants Marco or Fe Montalvo with the District Court Clerk's Issued Abstract of Judgment Notice for Case No. 15-C-221 ("Judgment") once it is received from the Clerk's Office.

iii. Within fifteen (15) days of Defendants Marco or Fe Montalvo receiving the Judgment, Defendants Marco or Fe Montalvo shall record the Judgment, in the form of a Judgment Lien, on the land records of the county and state that the New Residence is located. Defendants Marco and Fe Montalvo shall be responsible for paying the appropriate fees associated with recording the Judgment Lien, including, but not limited to, any costs associated with creating a legal description of the property and the recording the property with the clerk.

iv.    Within ten (10) business days of recording the Judgement Lien, Defendants Marco or Fe Montalvo shall provide date-stamped copies of the recorded Judgment Lien to the Wage and Hour Division at the address set forth in Paragraph VIII.  A copy of the recorded Judgment Lien shall also be provided to the U.S. Department of Labor, Office of the Solicitor, at the address set forth in paragraph IX.C.i. above.

## X

Should Defendants fail to make any of the installments referenced herein on or before the due date provided herein:

A.  The entire outstanding amount of unpaid compensation, liquidated damages, and civil money penalties shall become immediately due and payable without further notice or demand by Plaintiff against Defendants.

B.  Any defaulted balance shall be subject to the assessment of interest and penalty interest at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs shall also be assessed. In the event of default, the Plaintiff intends to pursue enforcement of this agreement and/or any additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

C.  Defendants agree that they will not assert any objections or defenses to the Secretary pursuing unpaid compensation and interest in a contempt proceeding, except for the defense of satisfaction of payment.

**XI**

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment or the Act.

**XII**

Defendants, their agents, officers or employees shall not, contrary to section 15(a)(3) of the Act, threaten, retaliate, or discriminate in any way against any current or former employee of Defendants for exercising any rights under the FLSA, including, but not limited to, employee complaints regarding FLSA compliance made to Defendants or to the Wage and Hour Division of the United States Department of Labor, or cooperation with an investigation conducted by the Wage and Hour Division.

**XIII**

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

13

**FURTHER,** this Court shall retain jurisdiction of this matter to enforce the terms of this final judgment pursuant to Federal Rule of Civil Procedure 54.

Dated June 28, 2016

<u>  /s William C. Griesbach</u>
**WILLIAM C. GRIESBACH**
United States District Court Judge

The parties, by themselves or their undersigned Counsel, hereby consent to the entry of this Consent Judgment and Order:

RESPECTFULLY SUBMITTED,


s/ Dave Van Lieshout                              s/ Barbara A. Goldberg
**DAVE VAN LIESHOUT**                        **BARBARA A. GOLDBERG**


s/ Amanda Keitel                                   s/ Mark H. Ishu
**AMANDA KEITEL**                             **MARK HENRY ISHU**

Attorneys for Defendants                       Attorneys for Plaintiff
Van Lieshout Law Office                         U.S. Department of Labor
122 E. Main Street                                  Office of the Solicitor
Little Chute, WI 54140                           230 S. Dearborn Street, Room 844

Telephone:  (920) 788-0800                    Telephone:  (312) 353-5747
                                                                    (312) 353-6972
Fax:  (920) 788-0907                              Fax:  (312) 353-5698

E-mail:  davidvl@littlechutelaw.com        E-mail:  Goldberg.barbara@dol.gov

E-mail:  amandak@littlechutelaw.com      E-mail:  Ishu.Mark@dol.gov


**By:** s/ Marco Montalvo
**MARCO MONTALVO**, individually and on behalf of
**EL AZTECA RESTAURANTS, INC.,**
**EL AZTECA OF APPLETON, INC.,**
**EL AZTECA OF NEENAH, INC.,**
**EL AZTECA OF KIMBERLY, INC.,**
**EL MAYA MEXICAN RESTAURANT, INC. f/k/a**
**EL AZTECA RESTAURANT OF DE PERE, INC.**

15

**By:** s/ Fe Montalvo
**FE MONTALVO**, individually and on behalf of
**EL AZTECA RESTAURANTS, INC.,**
**EL AZTECA OF APPLETON, INC.,**
**EL AZTECA OF NEENAH, INC.,**
**EL AZTECA OF KIMBERLY, INC.,**
**EL MAYA MEXICAN RESTAURANT, INC. f/k/a**
**EL AZTECA RESTAURANT OF DE PERE, INC.**

**By:** s/ Sergio Jimenez
**SERGIO JIMENEZ** , individually and on behalf of
**EL AZTECA RESTAURANTS, INC.,**
**EL AZTECA OF APPLETON, INC.,**
**EL AZTECA OF NEENAH, INC.,**
**EL AZTECA OF KIMBERLY, INC.,**
**EL MAYA MEXICAN RESTAURANT, INC. f/k/a**
**EL AZTECA RESTAURANT OF DE PERE, INC.**

# EXHIBIT A[1]

**El Azteca of Appleton, Inc.**

| First Name | Last Name | Back Wages | Liquidated Damages |
|---|---|---|---|
| BRIGIDO | ASCENCIO | $ 9,151.92 | $ 9,151.92 |
| JORGE | ASCENCIO | $ 5,159.18 | $ 5,159.18 |
| ABRAHAM | BAEZ | $ 7,800.56 | $ 7,800.56 |
| HUMBERTO | BARRADAS | $ 1,759.32 | $ 1,759.32 |
| JOSMAR | BAUTISTA | $ 452.48 | $ 452.58 |
| ANA | CARTAGENA | $ 2,702.10 | $ 2,702.10 |
| RODOLFO | CASTRO | $ 1,297.98 | $ 1,297.98 |
| ANTONIO | CHARRE | $ 225.74 | $ 225.74 |
| JESUS | CHARRE | $ 499.86 | $ 499.86 |
| LORENA | COLCHADO MENDEZ | $ 1,293.22 | $ 1,293.22 |
| SANTIAGO | CORTEZ | $ 3,705.84 | $ 3,705.84 |
| JOSE RENE | DELGADO | $ 1,029.48 | $ 1,029.48 |
| ALEJANDRO | DOMINGO | $11,233.76 | $11,233.76 |
| WALTER | GONZALEZ | $ 112.88 | $ 112.88 |
| RAYMUNDO | GUTIERREZ | $ 3,912.00 | $ 3,912.00 |
| MARIO | HERNANDEZ | $ 2,089.06 | $ 2,089.06 |
| ALMA | LOPEZ | $ 451.48 | $ 451.48 |
| RAMIRO | LUJIANO | $ 112.88 | $ 112.88 |
| REYNA | MARTINEZ | $ 693.52 | $ 693.52 |

[1] The interest portion of each installment payment set forth in the Installment Payment Schedule, Exhibit B, will be allocated among employees by the Wage and Hour Division upon Wage and Hour's receipt of each installment payment from Defendants.

| | | | |
|---|---|---|---|
| JOSE | MATUTE | $ 564.34 | $ 564.34 |
| LUCIO | MENDEZ | $ 507.92 | $ 507.92 |
| LUIS | MENDOZA | $ 564.34 | $ 564.34 |
| CIRILO | NEREYA | $ 4,095.48 | $ 4,095.48 |
| CARLOS | PALACIOS | $ 112.88 | $ 112.88 |
| REYES | PATINO | $ 677.22 | $ 677.22 |
| MARIA | QUEZADA | $ 1,693.68 | $ 1,693.68 |
| HUGO | RAMIREZ | $ 3,460.72 | $ 3,460.72 |
| RAUL | RAMIREZ | $11,227.86 | $11,227.86 |
| ALEJO | RIVERA | $ 169.30 | $ 169.30 |
| FRANCISCO | ROLDAN | $ 3,265.12 | $ 3,265.12 |
| ROSALINA | ROSAS | $ 1,177.08 | $ 1,177.08 |
| PEDRO | SANCHEZ | $ 4,554.36 | $ 4,554.36 |
| JUAN | SANTOS | $ 112.88 | $ 112.88 |
| BENITO | SEVERIANO | $ 1,015.82 | $ 1,015.82 |
| EDGAR | TORRES | $ 437.66 | $ 437.66 |
| MARTHA | TORRES | $ 1,444.30 | $ 1,444.30 |
| JOSE LUIS | TOTO | $ 3,893.00 | $ 3,893.00 |
| JOSE | ULLOA | $ 1,467.28 | $ 1,467.28 |
| JOSE | VILLAGOMEZ | $ 256.40 | $ 256.40 |
| | Appleton Employee Totals = | $94.380.90 | $94,380.90 |

**El Azteca of Neenah, Inc.**

| First Name | Last Name | Back Wages | Liquidated Damages |
|---|---|---|---|
| ANTONIO | AYALA | $ 3,645.78 | $ 3,645.78 |
| DANIEL | BARRIOS | $ 1,749.46 | $ 1,749.46 |
| JOSE | BAUTISTA MEDINA | $ 564.34 | $ 564.34 |
| MIGUEL | BERMUDEZ | $ 1,641.14 | $ 1,641.14 |
| CESAR | BUSTAMANTE | $ 894.90 | $ 894.90 |
| EDIN | CASTILLO | $10,234.96 | $10,234.96 |
| JUAN MANUEL | CERROBLANCO | $ 3,719.88 | $ 3,719.88 |
| JULIO | CONTRERAS | $ 564.34 | $ 564.34 |
| APOLINAR | CRUZ | $ 4,759.52 | $ 4,759.52 |
| ELUVINO | DE LEON COBON | $11,228.44 | $11,228.44 |
| DANIEL | FLORES | $ 1,131.08 | $ 1,131.08 |
| EUGENIO ISIDRO | GALAN | $ 860.96 | $ 860.96 |
| LEANDRO ISIDRO | GALAN | $ 3,893.94 | $ 3,893.94 |
| RODRIGO ISIDRO | GALAN | $ 1,721.90 | $ 1,721.90 |
| JOSE FELIPE | GARCIA | $ 1,580.16 | $ 1,580.16 |
| JOSE | GARCIA OROS | $ 112.88 | $ 112.88 |
| ELIZABETH | GONZALEZ | $ 2,144.50 | $ 2,144.50 |
| EMANUEL | MENDOZA PENA | $ 7,661.06 | $ 7,661.06 |
| TITO ALBERTO | MORALES BRISENO | $ 1,302.04 | $ 1,302.04 |
| PAULINO | PACHECO BOLANOS | $ 2,870.10 | $ 2,870.10 |
| TANIA | PINEDA | $ 1,076.30 | $ 1,076.30 |

| | | | |
|---|---|---|---|
| ISRAEL | RODRIGUEZ QUINO | $ 1,772.64 | $ 1,772.64 |
| ALONSO | ROGACINO | $ 112.88 | $ 112.88 |
| MIGUEL | ROSAS SORIANO | $ 4,176.12 | $ 4,176.12 |
| JOSE ROBER | RUIZ | $ 3,200.94 | $ 3,200.94 |
| JAIME | SALINAS | $11,224.32 | $11,224.32 |
| RAUL | SOSA | $ 1,035.56 | $ 1,035.56 |
| DIEGO | TORRES | $ 1,197.80 | $ 1,197.80 |
| LUIS | VARIBLE | $10,271.98 | $10,271.98 |
| | Neenah Employee Totals = | $96,349.92 | $96,349.92 |

**El Azteca of Kimberly, Inc.**

| First Name | Last Name | Back Wages | Liquidated Damages |
|---|---|---|---|
| ELIAS | AGAPITO | $ 3,113.91 | $ 3,113.91 |
| LIBRADA | AGUIRRE | $ 1,015.82 | $ 1,015.82 |
| JULIO CESAR | BALESTEROS | $ 2,088.06 | $ 2,088.06 |
| CESAR | BENITO | $ 481.42 | $ 481.42 |
| IVAN | BLANCO | $ 1,693.02 | $ 1,693.02 |
| MARTIN | BONALOS | $ 1,862.32 | $ 1,862.32 |
| MARIO | CARDONA | $ 7,539.86 | $ 7,539.86 |
| ODILON | CASTILLO FLORES | $ 561.50 | $ 561.50 |
| ADRIAN | CORTEZ JIMENEZ | $11,240.84 | $11,240.84 |
| MISAEL | DOMINGO | $ 9,503.28 | $ 9,503.28 |
| JUAN | ESCOBAR | $ 2,383.52 | $ 2,383.52 |
| LUIS | ESQUEDA | $ 112.88 | $ 112.88 |
| ROLANDO | GARCIA | $ 5,394.10 | $ 5,394.10 |
| MARIO | HERNANDEZ | $11,160.86 | $11,160.86 |
| RAUL | HERNANDEZ | $ 451.48 | $ 451.48 |
| VICTOR | HERNANDEZ | $ 507.92 | $ 507.92 |
| ELADIO | IBAL | $ 5,828.66 | $ 5,828.66 |
| DEBORA | LUNA | $ 1,117.50 | $ 1,117.50 |
| SAMUEL | MALAGA | $ 1,002.50 | $ 1,002.50 |
| JOSE | MORALES | $ 5,917.52 | $ 5,917.52 |
| ERIK | MORENO | $ 261.28 | $ 261.28 |

| | | | |
|---|---|---|---|
| AGUSTO | PEREZ | $ 282.18 | $ 282.18 |
| ANTONIO LUCAS | PEREZ | $ 2,003.54 | $ 2,003.54 |
| RUBEN | PEREZ ALVAREZ | $ 4,138.56 | $ 4,138.56 |
| RODOLFO | REYES | $ 451.48 | $ 451.48 |
| RAFAEL | RIVAS | $ 4,726.40 | $ 4,726.40 |
| MARTIN | SEVERIANO | $ 1,805.90 | $ 1,805.90 |
| RENE | SOLTERO | $ 1,241.56 | $ 1,241.56 |
| LUTHER | SORANTOS | $ 8,299.10 | $ 8,299.10 |
| CLEMENTE | SOSA | $ 7,180.12 | $ 7,180.12 |
| LUIS | SOSA | $ 1,112.78 | $ 1,112.78 |
| HUGO | TOTO | $ 507.92 | $ 507.92 |
| CARLOS | VASQUEZ | $ 6,469.28 | $ 6,469.28 |

Kimberly Employee Totals  =  $111,457.07        $111,457.07

**El Maya Mexican Restaurant, Inc. f/k/a El Azteca Restaurant of De Pere, Inc.**

| First Name | Last Name | Back Wages | Liquidated Damages |
|---|---|---|---|
| RAUL | BANUELOS | $ 269.82 | $ 269.82 |
| TEODORO | BAZAN GARZA | $ 149.74 | $ 149.74 |
| REBECA | BROWN | $ 112.88 | $ 112.88 |
| ANA | CARTAGENA | $ 2,531.48 | $ 2,531.48 |
| SANTIAGO | CORTES | $ 112.88 | $ 112.88 |
| ALEJANDRO | ENRIQUE DUARTE | $ 3,136.37 | $ 3,136.37 |
| EBODIO | GARCIA | $ 449.12 | $ 449.12 |
| MELITON | LOPEZ | $ 677.22 | $ 677.22 |
| GIOVANNI | MARQUEZ | $ 3,872.04 | $ 3,872.04 |
| ANTONIO | MARTINEZ | $ 1,866.35 | $ 1,866.35 |
| SALVADOR | ORNELAS | $ 112.88 | $ 112.88 |
| ELMER | PEREZ | $ 6,070.38 | $ 6,070.38 |
| ROBERTO | PEREZ | $ 7,120.96 | $ 7,120.96 |
| VICTORIA | PEREZ | $ 2,564.68 | $ 2,564.68 |
| EZEQUIEL | PUCHETA | $ 112.88 | $ 112.88 |
| ABEL | RODRIGUEZ | $ 1,088.46 | $ 1,088.46 |
| JULIO | RODRIGUEZ | $ 2,952.40 | $ 2,952.40 |
| ALFREDO | RUIZ | $ 973.26 | $ 973.26 |
| JOSE ROBERTO | RUIZ | $ 3,743.86 | $ 3,743.86 |
| FIDENCIO | SABINO | $ 932.98 | $ 932.98 |
| EMILIANO | SABINO SEVERIANO | $ 112.88 | $ 112.88 |

| | | | |
|---|---|---|---|
| JAVIER | SABINO SEVERIANO | $ 1,467.28 | $ 1,467.28 |
| AMADEO | SALINAS JR. | $ 112.88 | $ 112.88 |
| ALFREDO | SENCION | $ 902.94 | $ 902.94 |
| BENITO | SEVERIANO ROLDAN | $ 621.98 | $ 621.98 |
| JOEL | TREJO | $ 823.52 | $ 823.52 |
| SANTIAGO | VALENTIN | $ 1,047.95 | $ 1,047.95 |
| JULIO | VASQUEZ | $ 3,872.04 | $ 3,872.04 |

El Maya Employee Totals = $47,812.11          $47,812.11

All Employee Totals = $350,000.00          $350,000.00

**EXHIBIT B**

**INSTALLMENT PAYMENT SCHEDULE[2]**

| Date | | Principal | Interest | Payment |
|---|---|---|---|---|
| 1 | August 3, 2016 | $12,318.65 | $375.00 | $12,693.65 |
| 2 | September 3, 2016 | $12,328.91 | $364.74 | $12,693.65 |
| 3 | October 3, 2016 | $12,339.18 | $354.47 | $12,693.65 |
| 4 | November 3, 2016 | $12,349.48 | $344.17 | $12,693.65 |
| 5 | December 3, 2016 | $12,359.77 | $333.88 | $12,693.65 |
| 6 | January 3, 2017 | $12,370.07 | $323.58 | $12,693.65 |
| 7 | February 3, 2017 | $12,380.37 | $313.28 | $12,693.65 |
| 8 | March 3, 2017 | $12,390.68 | $302.97 | $12,693.65 |
| 9 | April 3, 2017 | $12,401.01 | $292.64 | $12,693.65 |
| 10 | May 3, 2017 | $12,411.35 | $282.30 | $12,693.65 |
| 11 | June 3, 2017 | $12,421.68 | $271.97 | $12,693.65 |
| 12 | July 3, 2017 | $12,432.04 | $261.61 | $12,693.65 |
| 13 | August 3, 2017 | $12,442.41 | $251.24 | $12,693.65 |
| 14 | September 3, 2017 | $12,452.77 | $240.88 | $12,693.65 |
| 15 | October 3, 2017 | $12,463.15 | $230.50 | $12,693.65 |
| 16 | November 3, 2017 | $12,473.53 | $220.12 | $12,693.65 |
| 17 | December 3, 2017 | $12,483.93 | $209.72 | $12,693.65 |
| 18 | January 3, 2018 | $12,494.34 | $199.31 | $12,693.65 |
| 19 | February 3, 2018 | $12,504.74 | $188.91 | $12,693.65 |

---

[2] This Installment Schedule does not include the first two payments of $100,000 due on May 3, 2016 and $150,000 due on July 7, 2016 as set forth in paragraph VIII of the Consent Judgment.

| | | | | |
|---|---|---|---|---|
| 20 | March 3, 2018 | $12,515.16 | $178.49 | $12,693.65 |
| 21 | April 3, 2018 | $12,525.16 | $168.05 | $12,693.65 |
| 22 | May 3, 2018 | $12,536.04 | $157.61 | $12,693.65 |
| 23 | June 3, 2018 | $12,546.49 | $147.16 | $12,693.65 |
| 24 | July 3, 2018 | $12,556.93 | $136.72 | $12,693.65 |
| 25 | August 3, 2018 | $12,567.40 | $126.25 | $12,693.65 |
| 26 | September 3, 2018 | $12,577.87 | $115.78 | $12,693.65 |
| 27 | October 3, 2018 | $12,588.35 | $105.30 | $12,693.65 |
| 28 | November 3, 2018 | $12,598.84 | $94.81 | $12,693.65 |
| 29 | December 3, 2018 | $12,609.34 | $84.31 | $12,693.65 |
| 30 | January 3, 2019 | $12,619.85 | $73.80 | $12,693.65 |
| 31 | February 3, 2019 | $12,630.36 | $63.29 | $12,693.65 |
| 32 | March 3, 2019 | $12,640.90 | $52.75 | $12,693.65 |
| 33 | April 3, 2019 | $12,651.42 | $42.23 | $12,693.65 |
| 34 | May 3, 2019 | $12,661.97 | $31.68 | $12,693.65 |
| 35 | June 3, 2019 | $12,672.52 | $21.13 | $12,693.65 |
| 36 | July 3, 2019 | $12,682.90 | $10.58 | $12,693.48 |
| 37 | August 3, 2019 | $12,500.00[3] | $0.00 | $12,500.00 |
| 38 | September 3, 2019 | $12,500.00[4] | $0.00 | $12,500.00 |

**Total:** **$481,971.23**

---

[3] Civil Money Penalties
[4] Civil Money Penalties